IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| YVONNE M. O'BRIEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-0114-CV-W-ODS |
| UNITED HEALTHCARE SERVICES, INC., and INGENIX, INC., | ) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING MOTION TO REMAND (DOC. 8)

Pending is Plaintiff's Motion to Remand. The Court concludes that the required amount in controversy has not been established and orders remand.

## I. BACKGROUND

Defendants are corporations with states of incorporation and principal places of business outside of Missouri. Plaintiff is a citizen of Missouri.

Plaintiff has brought suit and seeks certification of a class of Missouri residents who possessed medical insurance through Defendant United Healthcare in accordance with the provisions of the Federal Employees Health Benefit Act, and "who have had a right of reimbursement asserted against a personal injury claim or settlement by Defendants and such reimbursement was paid to Defendants" during the class period. Petition ¶ 34. On behalf of herself and the proposed class, Plaintiff asserts four claims against Defendants: 1. Violations of the Missouri Merchandising Practices Act ("MMPA"), 2. Unjust Enrichment, 3. Conversion, and 4. Injunctive Relief.

This suit was originally filed in the Circuit Court of Jackson County, Missouri, and Defendants removed the case to federal court, alleging jurisdiction based upon the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d) (2006). CAFA

requires that the amount in controversy exceeds $5 million. *Id.* The sole jurisdictional issue in this case is whether that $5 million threshold has been met.

In an effort to defeat federal jurisdiction, Plaintiff claims that Defendants have not met their initial burden of establishing the requisite amount in controversy. In the alternative, Plaintiff claims that, by now filing an affidavit stipulating to a limited recovery, she has established to a legal certainty that she and the class would be unable to recover more than $4.5 million.

## II. DISCUSSION

As the party seeking removal and opposing remand, Defendants bear the burden to establish federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Since minimal diversity of the parties is not contested here, Defendants must simply demonstrate that more than $5 million is in controversy to establish this Court's jurisdiction. *See* § 1332(d). This burden does not require Defendants to definitively prove the amount in controversy, but rather to establish that a fact-finder "*might* legally conclude" the damages are greater than the required amount. *James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

Punitive damages are included in calculating the amount in controversy, but these claims are given closer scrutiny than claims for actual damages because punitives are "speculative in nature and often overstated." *Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, at *1 (W.D. Mo. Feb. 14, 2008). Attorneys fees can also be considered if the governing statute allows for their recovery. *E.g., Crawford v. F. Hoffman-La Roche, Ltd.,* 267 F.3d 760, 766 (8th Cir. 2001). In a private action under the MMPA, the court can award actual damages, punitive damages, and attorney fees. *See* Mo. Rev. Stat. § 407.025.1 (2011). Also, the value of injunctive relief is determined by "the value to the plaintiff of the right that is at issue." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010).

This Court will examine all documents available to determine amount in controversy. Once the party seeking removal has established jurisdiction by a

preponderance of the evidence, the burden shifts to the party seeking remand. That party then has the opportunity to demonstrate to a legal certainty that federal jurisdiction has not yet been met. *Bell*, 557 F.3d at 956. Recently, the 8th Circuit reaffirmed the *Bell* holding that a party seeking to avoid federal jurisdiction may file a stipulation, contemporaneously with the plaintiff's complaint and "not after removal," asserting damages less than $5 million. *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1072 (8th Cir. 2012).

After examining the record and the arguments of the parties, this Court concludes that Defendants did not meet their initial burden to establish there was more than $5 million in controversy.

This case involves several different categories of damages and fees. The parties have identified actual damages, "active reimbursement/subrogation efforts," punitive damages, and attorney fees. This Court believes that each category must be considered in calculating the amount in controversy. One of those categories, the $314,134.40 of collected money from subrogation efforts is not in dispute. The parties are in dispute about how to value the others.

Defendants have identified two other figures: $308,821.09 of active reimbursement/subrogation efforts and $300,000 as a value for the injunctive relief. Notice of Removal ¶ 21. Plaintiff does not contest the valuation for these two figures, but does question how the active reimbursement/subrogation efforts could be considered as part of compensatory damages. Plaintiff's Suggestions, p. 4. This Court also believes that future payments, from Missouri citizens that will not be part of the purported class, are more properly considered in the category of injunctive relief, and not actual damages for the class members. Therefore, adding these two figures equals $608,821.09, which is the value of the injunctive relief in this case.

Even assuming that Plaintiffs may be awarded punitive damages at nine times the actual damages and attorney fees of $1 million, the Court's calculations only find a legally possible amount in controversy of approximately $4.7 million. This fails to reach the minimal threshold to extend federal jurisdiction. Defendants come to the same conclusion, but urge the Court to consider other calculations to "bridge the gap" and suggests that it "is not 'legally impossible to recover in excess of the jurisdictional

minimum.'" Defendants' Opposition to Plaintiff's Motion to Remand, p. 6-7 (citing *Bell*, 557 F.3d at 959). This, however, is not the correct legal standard.

Defendants have not established by a preponderance of the evidence that a fact-finder could legally award more than $5 million in this case. Therefore, the Court does not have to consider what effect, if any, Plaintiff's stipulation has on the amount of controversy.

### III. CONCLUSION

The Motion for Remand is granted.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 12, 2012                             UNITED STATES DISTRICT COURT